BRYAN, Justice
(dissenting).
I respectfully dissent. The main opinion concludes that the Alabama Board of Examiners of Landscape Architects (“the Board”) lacked the authority to discipline Chad Bostick, a landscape architect. The opinion bases that conclusion on its rationale that Bostick’s actions did not occur while he was engaged in the practice of landscape architecture. I disagree. The Board disciplined Bostick for the unauthorized receipt and retention of payments for his landscape-architecture services. Bos-tick was engaged in the practice of landscape architecture when he received and retained those payments. The receipt and retention of payments is squarely part of Bostick’s job and is subject to scrutiny by the Board. “Regulatory statutes governing professions are to be liberally construed to protect the public.” Madasu v. State Bd. of Dental Exam’rs, 962 So.2d 215, 218-19 (Ala.Civ.App.2005). That purpose would be fully served by construing the statutes regulating the practice of landscape architecture to allow the Board to discipline Bostick’s actions, which resulted in allegations of fraud, deceit, and willful misconduct in regard to an aspect of Bostick’s job as a landscape architect. This is true regardless of any civil or criminal case that may arise from these facts; the potential for such a case does not preclude the administrative proceeding here.